UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

LEROY ECBY,                          §
                                     §
          Plaintiff,                 §
VS.                                  §      CIVIL ACTION NO. 3:11-CV-462
                                     §
CHARLES WAGNER, *et al*,             §
                                     §
          Defendants.                §

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Leroy Ecby, (TDCJ #721745), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), brought this civil rights lawsuit alleging negligence and deliberate indifference to serious medical needs by defendants at the Brazoria County Jail.  Having carefully reviewed the complaint and more definite statement as required by 28 U.S.C. § 1915A, the Court dismisses this case for the reasons set forth below.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous,  malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1).   A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Ecby alleges that on October 6, 2010, jailer Carnett negligently failed to operate the jail security door pursuant to standard operational procedures, causing Ecby to become pinned

between the doors.  Ecby was examined in the infirmary the same day and prescribed ibuprofen for pain and soreness.

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  Ecby contends that his injuries were caused by Carnett's negligence in operating the security doors.  While this may be true, the Court will also examine whether Ecby's rights were violated under the Eighth Amendment, which prohibits cruel and unusual punishment.

Under the Eighth Amendment, prison officials must provide inmates humane conditions of confinement; ensure that inmates received adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  *Hudson v McMillian*, 503 U.S. 1, 8-10 (1992).   A plaintiff must show that the official had the "subjective intent" to cause harm; mere negligence is not enough.  *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

Deliberate indifference is a stringent standard of fault and requires proof that an official disregarded a known or obvious consequence of his action.  *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011).   The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice," from those that are merely "unintentionally negligent oversights."  *Southard v. Tex. Bd. Of Crim. Justice,* 114 F.3d 539, 5551 (5th Cir. 1997).  Here, the circumstances do not support a claim that Carnett deliberately closed the doors in an intentional

effort to trap Ecby between them; nor did Ecby affirm this in the order for more definite statement.  Docket Entry No. 8 at 8. As stated by Ecby in his response, Carnett "failed his duty to be aware of inmates entering and exiting the security door and did not operate the security door under standard operating procedures."  Docket Entry No. 8 at 7.  Given all the facts as pleaded, the incident represents, at most, an isolated failure by jailer Carnett to take proper precautions when operating the security doors.

The court finds that Ecby's claim, even if accepted as true, does not rise to the level of deliberate indifference (to a known substantial harm) required to establish a constitutional violation.  *See Payne v. Parnell*, 246 F. App'x 884, 890 (5th Cir. 2007) (inmate had no failure to protect claim against prison officers who were unaware of any substantial risk posed prior to the incident in question). The court also finds that the facts alleged do not support a finding that Carnett's conduct was sufficiently harmful enough to deprive Ecby of life's basic necessities. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).  The fact that Ecby became pinned between the security doors because of operator error on one occasion in and of itself fails to state a constitutional violation.  Ecby's Eighth Amendment claim is without merit.

Ecby also alleges that Lt. Langley violated his constitutional rights by denying his grievances. This claim in not cognizable under section 1983. An inmate does not have a constitutional entitlement to an adequate grievance procedure.  *See e.g., Antonelli v. Sheahan*, 81 F3d 1422, 1430-31 (7th Cir. 1996).  Although it is a condition precedent to filing a suit arising under section 1983 and 42 U.S.C. 1997e(a), any right to inmate grievance procedure is a procedural, not substantive, right; thus, a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause.  *See Flick v. Alba*, 032 F.2d 728, 729 (8th Cir. 1991).  This claim is without merit.

Ecby also sues Sheriff Wagner for denying him medical care. This claim is also without merit. As an elected official responsible for operations at the Brazoria County jail, Sheriff Wagner is liable only if: (1) he affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to the plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992); *cert. denied*, 508 U.S. 951 (1993). It is clear from Ecby's more definite statement response that Wanger was not personally involved in any aspect of this case. Nor does Ecby identify any specific policies related to his medical care that violated his constitutional rights, or allege any facts liking those non-existent policies to Sheriff Wagner. Plaintiff has failed to state a claim for relief against Sheriff Wagner. *See Jett v. Dallas Independent School Dist.,* 491 U.S. 701 (1989); *Rizzo v. Goode*, 423 U.S. 362, 371-372, 377 (1976).

With respect to his claim that he was denied medical care, Ecby has, as a state prisoner, a right to basic treatment in response to his serious medical needs. *Estelle v. Gamble*, 429 U.S. at 97, 103 (1976). Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs." *Id.*. at 105. While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind" can state a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th C ir. 1997) (citing *Estelle*, 429 U.S. at 105-106).

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care or attention sufficiently serious to show that the state has "abdicated a constitutionally -

required responsibility to attend to his medical needs," *Bienvenu v. Beauregard parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of an disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998).

Ecby's medical records and Inmate Medical Grievance Response provided in the more definite statement wholly belie a claim that any defendant was deliberately indifferent to his serious medical needs.  Records show that he was seen or examined by a health professional for a variety of complaints on twenty-three separate occasions between October 6, 2010 and January 18, 2011.  Docket Entry No. 9 at 49.  In the Inmate Medical Grievance Response Form, the nurse manager states, "upon review of your medical record you submitted a sick call slip requesting to have a CT scan for difficulty in different areas of your body.  You did not indicate specific complaints and it was determined that there is not a clinical indication for a CT scan.  Two different set of X-rays were completed (chest, kidney, urinary ,bladder and back). . . all are negative."  The response further states that Ecby received pain medication each time that it was requested and that the nurse manager conducted a face-to-face interview with him on January 9, 2011, to address his medical grievances.  At that time, Ecby informed the nurse manager that LVN Thompson was "not a real nurse and cannot educate [him] on his back exercises."  *Id.*

Medical records reveal that Ecby received an abundance of medical care during his incarceration at the Brazoria County jail, rebutting his claim of deliberate indifference to a serious medical need.  *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991) (Medical records showing that an inmate received treatment may rebut the inmate's allegations of deliberate

indifference.).  No evidence has been presented supporting a claim that any defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).   The claim of deliberate indifference to serious medical needs is frivolous.

For the foregoing reasons, this case is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

All pending motions are **DENIED**.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

It is so **ORDERED.**

SIGNED on this 28th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge